25960. COBB COUNTY HEALTH DEPARTMENT
v. HENSON.

ARGUED SEPTEMBER 14, 1970—DECIDED OCTOBER 8, 1970—
REHEARING DENIED OCTOBER 22, 1970.

*Edwards, Bentley, Awtrey & Parker,* for appellant.

*Berl Tate,* for appellee.

FELTON, Justice. *Code Ann.* § 88-1101 (Ga. L. 1964, pp. 499, 561) defines "tourist court" as including "motels . . . and any food, beverage, . . . or other facilities or establishments operated in conjunction therewith," and § 88-1008 makes the operation of a tourist court (e.g., a motel and a restaurant operated in conjunction therewith) without a (single) valid permit, as required by § 88-1102 (Ga. L. 1964, pp. 499, 562), a misdemeanor, which may be enjoined under the provisions of § 88-302. In the absence of any statutory provisions for the operation of the motel (whether it was operated alone or conjunctively with the restaurant) while an application for a permit for its operation is pending, such unlawful operation is subject to the injunction sought under the provisions of § 88-302.

Appellee's remedy for a wrongful withholding of a permit is by means of appeals, as provided by § 88-305 (Ga. L. 1964, pp. 499, 520); hence, this contended defense could not be raised for the first time as a defense to the injunction proceedings in an answer thereto, as was here attempted. Although the answer as amended also attacks the constitutionality of *Code Ann.* § 88-302, under which the present action was brought, there was no ruling thereon by the trial court nor does appellee raise this point by appeal.

It follows that the trial court properly enjoined the operation of the appellee's restaurant, but erred in that portion of the judgment appealed from, i.e., the denial of an injunction against the unlawful operation of the motel without a permit.

*Judgment reversed. All the Justices concur.*